**FILED**

JUN 04 2012

DAVID CREWS, CLERK

BY _____ Deputy

## IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

| | |
|---|---|
| NICOLE WATKINS<br>DAMIEN WILLIAMS | **PLAINTIFFS** |
| | |
| VS. | CAUSE NO. 2012-0065<br>MSN: 4:12-CV-45-SA-JMV |
| | **FILED** |
| SUNFLOWER COUNTY, MISSISSIPPI AND<br>JAMES HAYWOOD, INDIVIDUALLY AND<br>IN HIS CAPACITY AS SHERIFF FOR THE COUNTY | MAY 23 2012 |
| OF SUNFLOWER, MISSISSIPPI AND MARVELLE BRAND,<br>INDIVIDUALLY AND IN HIS CAPACITY AS DEPUTY | SHARON McFADDEN<br>BY _____ D.C. |
| SHERIFF FOR THE COUNTY OF SUNFLOWER,<br>MISSISSIPPI AND MARVIN FLOWERS, INDIVIDUALLY AND<br>IN HIS CAPACITY AS DEPUTY SHERIFF FOR THE COUNTY<br>OF SUNFLOWER, MISSSISSIPPI, JOHN DOE(S) 1-4,<br>INDIVIDUALLY AND IN THEIR CAPACITY AS DEPUTY | |
| SHERIFFS FOR THE COUNTY OF SUNFLOWER, MISSISSIPPI | **DEFENDANTS** |

---

### AMENDED COMPLAINT
*(Plaintiffs demand jury trial)*

---

Plaintiffs, Nicole Watkins and Damien Williams, file this their Amended

Complaint against Defendant, Sunflower County, Mississippi, Defendant James

Haywood individually and in his capacity as Sheriff of Sunflower County, Mississippi,

Marvelle Brand Individually and in his capacity as Deputy Sheriff for Sunflower

County, Mississippi, Marvin Flowers individually and in his capacity as Deputy Sheriff

for Sunflower County, Mississippi and all other unnamed Defendants individually and

In their capacity as Deputy Sheriffs for Sunflower County, Mississippi and states as

follows:

**JURISDICTION AND VENUE**

1

*Received via certified mail 5-24-12 Paula D. [...] Chancery Clerk*

**1.**

This Court has subject matter jurisdiction over the federal claims alleged herein under the provisions of 42 U.S.C. § 1983.

**2.**

Venue is properly fixed in this County.

**3.**

This Court has personal jurisdiction over the Defendants.

**PARTIES**

**4.**

Plaintiff, Nicole Watkins, is an adult resident of Sunflower County, Mississippi.

**5.**

Plaintiff, Damien Williams, is an adult resident of Sunflower County, Mississippi.

**6.**

Defendant, Sunflower County, Mississippi is a county under the laws of the State of Mississippi and may be served with process by serving its County Administrator, Paula Sykes, at 200 Main Street, Indianola, Mississippi 38751.

**7.**

Defendant James Haywood, is an adult resident citizen of Sunflower County, Mississippi and may be served with process at the address of his place of employment at 1300 Allen Road, Indianola, Mississippi 38751.

2

**8.**

Defendant Marvelle Brand, is an adult resident citizen of Sunflower County, Mississippi and may be served with process at the address of his place of employment at 1300 Allen Road, Indianola, Mississippi 38751.

**9.**

Defendant Marvin Flowers, is an adult resident citizen of Sunflower County, Mississippi and may be served with process at the address of his place of employment at 1300 Allen Road, Indianola, Mississippi 38751.

**10.**

Defendants John Doe 1-4, are adults who may be served with process at the address of their place of employment at 1300 Allen Road, Indianola, Mississippi 38751.

## FACTS

**11.**

On March 16, 2011, Plaintiffs dined at Boss Hog Restaurant in Ruleville, Mississippi at approximately 12:00 o'clock in the afternoon. Upon Plaintiffs' arrival at Boss Hog, Defendant Brand was across the street from said restaurant at a tire station.

**12.**

When Plaintiffs left Boss Hog at approximately 1:00 o'clock p.m., Plaintiff Williams was driving and Plaintiff Watkins was in the front passenger seat. Plaintiff Williams' nine year old daughter and Plaintiff Williams' five year old cousin were back seat passengers in Plaintiffs' vehicle.

3

**13.**

As Plaintiffs began traveling south on Mississippi Highway 49, Defendant Brand began following Plaintiffs very conspicuously. Defendant Brand followed Plaintiffs for approximately 14 minutes.

**14.**

After Defendant Brand had followed Plaintiffs' vehicle for 14 minutes, Defendant Brand pulled Plaintiffs over on Highway 49 near Sunflower, Mississippi. Defendant Brand approached Plaintiffs' vehicle on the passenger side where Plaintiff Watkins was seated. Plaintiff Watkins rolled down her window, and Defendant Brand asked Plaintiff Williams whether he had drugs or weapons in the car. Plaintiff Williams inquired as to why he had been stopped. Defendant Brand then asked Plaintiff Williams why he did not have on a seatbelt and asked Plaintiff Williams to present his license and proof of insurance. Plaintiff Williams gave Defendant Brand his license and informed Defendant Brand that his insurance information was in the trunk. Defendant Brand then walked around to Plaintiffs' trunk and back to the passenger side of Plaintiffs' vehicle and requested Plaintiff Watkins' drivers license or identification. Plaintiff Watkins complied with Defendant Brand's request by giving Defendant Brand her identification. Defendant Brand again asked Plaintiff Williams whether he had drugs or weapons in the vehicle. Plaintiff Williams responded that he did not. Plaintiff Williams then asked Defendant Brand whether he was going to issue a citation for a seatbelt violation to which Defendant Brand responded by asking if he could search

4

Plaintiffs' vehicle. Plaintiff Williams responded that Defendant Brand could not search his vehicle. Defendant Brand then asked Plaintiff Williams to step out of the vehicle. Plaintiff Williams complied by getting out of his vehicle. As Plaintiff Williams got out of the vehicle, approximately five Sheriff's deputies came onto the scene, each in separate law enforcement vehicles. Defendant Brand immediately placed Plaintiff Williams under arrest. Upon the other Defendants' arrival to the scene, Defendant Brand informed Plaintiff Williams that if he was not allowed to search his vehicle, it would be towed. Plaintiff Williams responded that he understood, but that he was within his rights not to authorize a warrantless search of his vehicle. Defendant Brand then asked Plaintiff Watkins to get off of her phone. Plaintiff Watkins complied and ended her phone call. Defendant Brand then placed Plaintiff Watkins in handcuffs and told Plaintiff Watkins to call someone to retrieve the children. Plaintiff Watkins called her sister to come and get the children from the scene. Defendant Brand and Defendant Coleman then began an illegal search of Plaintiff Williams' vehicle. Plaintiffs' vehicle was then towed to the Sunflower County Sheriff's Department and Plaintiffs were later brought to the Sheriff's Department. At the Sheriff's Department, Plaintiff Williams was taken into a room for interrogation while Plaintiff Watkins was made to wait in a hallway of the department. After Plaintiff Watkins was booked, a deputy had Plaintiff Watkins to strip and performed a full cavity search on Plaintiff Watkins' body which turned up nothing. Plaintiffs were charged with contributing to the delinquency of a minor, seat belt violation and disorderly conduct. Plaintiff Williams was also made to

5

strip while a deputy performed a full cavity search him. All charges against both Plaintiffs were dismissed at trial.

### 15.

Upon information and belief and pursuant to Defendant Brand's detainment of Plaintiffs, Defendant Brand called for back up customary for large drug busts.

### 16.

Upon information and belief, Defendant Brand had no reason to believe Plaintiff Williams had drugs or weapons. His sole purpose for stopping Plaintiffs was to harass Plaintiffs.

### 17.

Upon information and belief, Defendants had no reason to perform a cavity search on the person of Plaintiff Watkins.

### 18.

Upon information and belief, Defendants' sole purpose for searching the bodily cavities of Plaintiff Watkins was to invade her privacy, embarrass her and harass her.

## CAUSE OF ACTION
### Count One: Violations of Section 1983

### 19.

The actions of Defendants described above violate Plaintiffs' civil rights and 42 U.S.C. § 1983.

### 20.

6

EXHIBIT B - STATE COURT AMENDED COMPLAINT

Defendants' actions also constitute improper and inadequate training in violation of 42 U.S.C. § 1983.

21.

As a result of Defendant's wrongful conduct, Plaintiffs are entitled to an award of damages and all other available relief including without limitation, emotional distress damages, attorney's fees, litigation expenses, cost and punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court enter a judgment in an amount of at least $1,500,000.00 actual and compensatory damages, and $500,000.00 punitive damages, attorneys' fees, litigation expenses, costs of court, and all other relief to which they may be entitled.

RESPECTFULLY SUBMITTED, this the 23rd day of May, A.D., 2012.

DAMIEN WILLIAMS, Plaintiff

NICOLE WATKINS, Plaintiff

By: /s/Stephanie N. Morris
     Stephanie N. Morris, MSB#101545

OF COUNSEL:
MORRIS & ASSOCIATES
P.O. BOX 686
900 S. CHRISMAN AVE.
CLEVELAND, MS 38732
TEL: (662) 846-6691
FAX: (662)843-8136

7

STATE OF MISSISSIPPI      §
COUNTY OF SUNFLOWER       §

THIS DAY personally appeared before me the undersigned authority in and for the above jurisdiction, the within named **DAMIEN WILLIAMS**, who upon being duly sworn by me, stated upon his/her oath that the facts, statements and allegations contained in the foregoing Complaint are true and correct as therein stated, and that he/she signed same as his/her own voluntary act and deed.

SWORN TO AND SUSCRIBED before me on this the 22nd day of May, A.D., 2012.

Paula S. Sykes Chancery by A. Steward DC
NOTARY PUBLIC

[SEAL]


STATE OF MISSISSIPPI      §
COUNTY OF SUNFLOWER       §

THIS DAY personally appeared before me the undersigned authority in and for the above jurisdiction, the within named **NICOLE WATKINS**, who upon being duly sworn by me, stated upon his/her oath that the facts, statements and allegations contained in the foregoing Complaint are true and correct as therein stated, and that he/she signed same as his/her own voluntary act and deed.

SWORN TO AND SUSCRIBED before me on this the 22nd day of May, A.D., 2012.

Paula S. Sykes Chancery by A. Steward DC
NOTARY PUBLIC

[SEAL]

5

AGENCY CUSTOMER ID: SUNFCOU-01

## APPLICABLE IN ALASKA

A person who knowingly and with intent to injure, defraud, or deceive an insurance company files a claim containing false, incomplete, or misleading information may be prosecuted under state law.

## APPLICABLE IN ARIZONA

For your protection, Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

## APPLICABLE IN ARKANSAS, DELAWARE, KENTUCKY, LOUISIANA, MAINE, MICHIGAN, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH DAKOTA, PENNSYLVANIA, RHODE ISLAND, SOUTH DAKOTA, TENNESSEE, TEXAS, VIRGINIA, AND WEST VIRGINIA

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties. In LA, ME, TN, and VA, insurance benefits may also be denied.

## APPLICABLE IN CALIFORNIA

For your protection, California law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

## APPLICABLE IN COLORADO

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policy holder or claimant for the purpose of defrauding or attempting to defraud the policy holder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

## APPLICABLE IN THE DISTRICT OF COLUMBIA

Warning: It is a crime to provide false or misleading information to an insurer for the purpose of defrauding the insurer or any other person. Penalties include imprisonment and/or fines.

## APPLICABLE IN FLORIDA

Pursuant to S. 817.234, Florida Statutes, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains any false, incomplete, or misleading information concerning any fact or thing material to the claim commits a felony of the third degree, punishable as provided in S. 775.082, S. 775.083, or S. 775.084, Florida Statutes.

## APPLICABLE IN HAWAII

For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both.

## APPLICABLE IN IDAHO

Any person who knowingly and with the intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

## APPLICABLE IN INDIANA

A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

## APPLICABLE IN MARYLAND

Any person who knowingly and willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly and willfully presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

## APPLICABLE IN MINNESOTA

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

EXHIBIT B - STATE COURT AMENDED COMPLAINT

AGENCY CUSTOMER ID: SUNFCOU-01

## APPLICABLE IN NEVADA

Pursuant to NRS 686A.291, any person who knowingly and willfully files a statement of claim that contains any false, incomplete or misleading information concerning a material fact is guilty of a felony.

## APPLICABLE IN NEW HAMPSHIRE

Any person who, with purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

## APPLICABLE IN OHIO

Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

## APPLICABLE IN OKLAHOMA

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

## APPLICABLE IN WASHINGTON

It is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

EXHIBIT B - STATE COURT AMENDED COMPLAINT

IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

NICOLE WATKINS
DAMIEN WILLIAMS                                    PLAINTIFFS

VS.                                    CAUSE NO. 2012 00045

SUNFLOWER COUNTY, MISSISSIPPI AND
JAMES HAYWOOD, INDIVIDUALLY AND
IN HIS CAPACITY AS SHERIFF FOR THE COUNTY
OF SUNFLOWER, MISSISSIPPI AND MARVELLE BRAND,
INDIVIDUALLY AND IN HIS CAPACITY AS DEPUTY
SHERIFF FOR THE COUNTY OF SUNFLOWER,
MISSISSIPPI AND MARVIN FLOWERS, INDIVIDUALLY AND
IN HIS CAPACITY AS DEPUTY SHERIFF FOR THE COUNTY
OF SUNFLOWER, MISSISSIPPI, JOHN DOE(S) 1-4,
INDIVIDUALLY AND IN THEIR CAPACITY AS DEPUTY
SHERIFFS FOR THE COUNTY OF SUNFLOWER, MISSISSIPPI      DEFENDANTS

---

## SUMMONS

---

STATE OF MISSISSIPPI

*Received via cert mail.*
*5-24-12*
*Paula D. Sykes*
*Chancery Clerk*

TO:    Paula Sykes, County Administrator
       Sunflower County, Mississippi
       200 Main Street
       Indianola, Mississippi 38751

### NOTICE TO DEFENDANT

**_THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS._**

You are required to mail or hand-deliver a copy of a written response to the Amended

Complaint to Stephanie N. Morris, the attorney for the Plaintiff, whose address is Morris &

Associates, 900 South Chrisman, Post Office Box 656, Cleveland, Mississippi 38732. Your

response must be mailed or delivered within (30) days from the date of delivery of this Summons

**RECEIVED**

MAY 2 9 2012

ARTHUR J. GALLAGHER
RISK MANAGEMENT SERVICES INC.

and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF THIS COURT this the 23rd day of

May, 2012 .

Sharon McFadden Clerk

Sharon McFadden, CIRCUIT CLERK
Sunflower County, Mississippi

(SEAL)

BY: Victoria Ra D.C